IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORRIE WALLACE, and <br> RAFAEL E. SANTOS, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> BRUCE RAUNER, <br> JOHN BALDWIN, <br> KIMBERLY BUTLER, <br> LASHBROOK, <br> SIDDIQUI, <br> WEXFORD HEALTH SOURCES, INC., <br> and <br> RANDOLPH COUNTY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 18−cv−1513−NJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. The Complaint was filed by two individuals incarcerated at Menard Correctional Center. Plaintiffs have alleged their constitutional rights are being violated. (Doc. 1). Specifically, they allege that they are being subjected to overcrowding, unconstitutional conditions of confinement, and deliberate indifference in violation of the Eighth Amendment. (Doc. 1).

Unfortunately, however, there are some procedural problems with the Complaint. Plaintiff Rafael E. Santos Jr. has not signed the Complaint. (Doc. 1, p. 27). And neither Plaintiff has paid the filing fee or moved to proceed *in forma pauperis* ("IFP"). (Doc. 2).

Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

1

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. But the Court must admonish them as to the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners ***if*** the criteria for permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full, if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Seventh Circuit also noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each

submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs, or other papers in the case will be twice what it would be if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. As Wallace is the only Plaintiff to have currently signed the Complaint, the Court will designate him as the "lead" Plaintiff in this case. Santos will be given an opportunity to withdraw from this litigation before the case progresses further. Santos may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil

3

> Procedure 11 if such sanctions are found warranted in any aspect of the case.

• He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

• In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

• Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[1]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign all documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

I   In order to proceed with this litigation, Plaintiffs must submit a Complaint signed by both of them. Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

imprisoned *pro se* litigant to represent his fellow inmates in a class action). Failure to submit a jointly-signed Complaint will result in the dismissal of Santos without prejudice. In the alternative, if Santos does not wish to proceed with this case, he may file a written statement to that effect with the Court. Plaintiffs shall also each either pay the $400 filing fee or file a proper IFP motion no later than September 17, 2018.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiffs Wallace and Santos shall submit a jointly-signed Complaint on or before **September 24, 2018**. Failure to submit a Complaint signed by both Plaintiffs will result in the dismissal of Santos without prejudice. In the alternative, if, by that deadline, Santos informs the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[2] **This is the only way to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if Santos wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing and submit a properly-signed Complaint, and his claims shall be severed into a new action where a filing fee *will* be assessed.

Each plaintiff who chooses to continue as a plaintiff either in this action or in a severed individual case, is hereby **ORDERED** to pay his filing fee of $400.00 or file a properly completed IFP Motion on or before September 17, 2018. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, each plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 4/1/2017 to 10/10/17. This

---

[2] As the lead Plaintiff, Corrie Wallace may choose to voluntarily dismiss or sever his claims, but he may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

Failure to submit a properly completed IFP Motion does *not* relieve that plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any plaintiff who simply does not respond to this Order on or before September 24, 2018, *will* be obligated to pay the filing fee and also will be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

In addition, plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

The Clerk is **DIRECTED** to send a copy of this order to each of the named plaintiffs, , and to enclose a blank form IFP Motion and trust fund account certification form for Corrie Wallace and Rafael E. Santos, Jr.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 22, 2018**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**