IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORRIE WALLACE and<br>RAFAEL E. SANTOS JR., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| vs. | ) Case No. 18−cv−1513−NJR<br>) |
| BRUCE RAUNER,<br>JOHN BALDWIN,<br>KIMBERLY BUTLER,<br>LASHBROOK, SIDDIQUI,<br>WEXFORD HEALTH SOURCES INC.,<br>and RANDOLPH COUNTY, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs, Corrie Wallace and Rafael E. Santos, Jr., inmates currently incarcerated in Menard Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs seek equitable relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that

1

any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening order, the Court also will consider whether any claims in the Complaint are improperly joined in this action and are subject to severance. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiffs allege that they were subjected to overcrowding at Menard, which Rauner, Baldwin, Lashbrook, and Butler knew about. (Doc. 8, p. 6). Specifically, Plaintiffs Wallace and Santos have been double-celled in one-man cells. (Doc. 8, pp. 8-9). This cell placement deprives Plaintiffs of the opportunity to exercise or move around, causing back pains, headaches, and joint stiffness. (Doc. 8, p. 9).

Because of the overcrowding, Plaintiffs also have been subjected to long delays of up to two years to see the dentist, which has caused them "suffering." (Doc. 8, pp. 10-11). Plaintiffs further allege that they have been subjected to unconstitutional conditions of confinement. (Doc. 8, pp. 11-31). Specifically, they allege that they have been denied cleaning supplies and that they have been exposed to bodily fluids, vermin, and black mold. (Doc. 8, pp. 11-14, 16, 28-29). Inmates are also subjected to water that smells of sewage, and Plaintiffs believe that the water has made them ill in the past. (Doc. 8, pp. 17-19). Plaintiffs also have been exposed to power outages and temperature extremes. (Doc. 8,

pp. 20-30). Wexford is obligated to inspect the facility and make a report on its sanitation and safety. (Doc. 8, p. 13). Plaintiffs allege that Rauner, Baldwin, Lashbrook, Siddiqui, and Wexford know the importance of having a clean and safe environment and the dangers of an unsafe facility. (Doc. 8, p. 14).

Plaintiff Wallace alleges that Menard lacks beds large enough to accommodate his six-foot, four-inch fame and that he must stoop in certain areas of the prison, causing back, knee, and neck pain. (Doc. 8, p. 11).

## **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts. As explained below, the following claims survive threshold review:

**Count 1:** Rauner, Baldwin, Butler, Lashbrook, and Wexford have a policy of overcrowding Menard, which in turn leads to unconstitutional conditions of confinement in violation of the Eighth Amendment;

**Count 2:** Wexford has a policy of understaffing the health care unit at Menard, causing Plaintiffs to be subjected to two-year delays in securing dental treatment in violation of the Eighth Amendment; and

**Count 3:** Butler, Rauner, Baldwin, Lashbrook, Siddiqui, and Wexford were deliberately indifferent to the unconstitutional conditions of confinement at Menard in violation of the Eighth Amendment.

Plaintiffs have attempted to bring other claims, but for the reasons stated below, these claims will be dismissed.

**Count 4:** Plaintiffs Wallace and Santos have been subjected to overcrowding at Menard, which causes them to be double-celled in one-man cells, in violation of the Eighth Amendment by Rauner, Baldwin, Lashbrook, and Butler;

**Count 5:** Plaintiffs Wallace and Santos have been subjected to delays of more than two years while waiting to see the dentist in violation of the Eighth Amendment, and Rauner, Lashbrook, Baldwin, and Butler approved, condoned, or turned a blind eye to such conduct;

3

> **Count 6:** Wallace was given a bunk that was too small for his frame in violation of the Eighth Amendment; and
>
> **Count 7:** Defendants intentionally inflicted emotional distress upon Plaintiffs in violation of Illinois state law.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

As an initial matter, Plaintiffs have named Randolph County as a defendant in this lawsuit. Plaintiffs allege that Randolph County knew about the conditions of confinement otherwise described in the Complaint. However, the Illinois Department of Corrections, a state entity, oversees and directs events at Menard, not Randolph County. *See* 730 ILCS 5/3-2-2. Randolph County is not the employer of any of the individually-named defendants. Consequently, it cannot be held liable for practices, policies, or actions that are unrelated to it. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Randolph County will be dismissed from this action with prejudice.

**Count 1** alleges that Defendants had a policy or practice of allowing Menard to become overcrowded, which led to multiple constitutional violations. Unconstitutional policies for purposes of Section 1983 liability fall into three categories: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Moreland v. Dieter*, 395 F.3d 747, 758–59 (7th Cir. 2005); *Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002) (citing *Brokaw v. Mercer Cty.,* 235 F.3d 1000, 1013 (7th

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 2000)). A litigant must show that the policy maker was deliberately indifferent to the harm caused by a specific policy when choosing among policy alternatives. *Butera*, 285 F.3d at 605.

Typically, the Eleventh Amendment bars claims for monetary damages against the state itself, and a policy claim against a state official in his or her official capacity will be construed as a claim against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). But here, Plaintiffs have not asked for monetary damages; they have asked for equitable relief. Accordingly, this claim shall be permitted to proceed.

Plaintiffs have alleged that Wexford had an unconstitutional policy of understaffing medical positions and that this policy caused them to go without dental care for long periods of time, causing suffering. As Plaintiffs have adequately alleged that they were harmed by Wexford's policy, **Count 2** will proceed against Wexford.

As to **Count 3**, the Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiffs allege multiple instances of being subjected to unconstitutional confinement. But their allegations that individual defendants *knew* about the conditions at issue and refused to act are few and far between. An official must be *deliberately indifferent* to health or safety; in other words, he or she must be aware of facts from which the inference could be drawn that a substantial risk of serious

5

harm exists, and that official must actually draw the inference. *See, e.g., Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raina v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The only allegations that plausibly establish that a defendant knew about unconstitutional conditions and was deliberately indifferent to those conditions are as follows: (1) Butler knew that the prison had black mold and failed to remediate it properly; (2) Plaintiffs sent Lashbrook letters about the lack of showers when temperatures were excessively hot. Plaintiffs otherwise attribute knowledge of the conditions to other lawsuits or other inmate deaths or make a general allegation that defendants "knew." These kinds of generalized allegations of knowledge are insufficient to plead that Defendants were subjectively aware of the risk posed *to plaintiffs* and disregarded that risk. Accordingly, all of Plaintiffs' allegations regarding their conditions of confinement other than (1) that Butler was deliberately indifferent to mold, and (2) that Lashbrook was deliberately indifferent to the lack of showers posed during excessively hot times, shall be dismissed. Defendants Rauner, Baldwin, Siddiqui, and Wexford shall be dismissed from this count without prejudice.

The same analysis holds true to Plaintiffs' other allegations in **Counts 4-6**. While Plaintiffs have alleged deliberate indifference in those Counts, they have not made allegations that would plausibly establish that the individual defendants knew about the risk of harm to Plaintiffs and disregarded that risk. Plaintiffs have not alleged that they filed grievances to the individual defendants detailing this conduct, written letters, or participated in other lawsuits raising the same conduct. Accordingly, **Counts 4-6** will be dismissed for failure to state a claim for relief.

**Count 7** arises under Illinois state law. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and

outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E. 2d 745, 749 (Ill. App. 1993)). Whether conduct is extreme and outrageous is judged by an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

Here, Plaintiffs have done little more than state in a conclusory manner that they have been subjected to intentional infliction of emotional distress. In fact, Plaintiffs have not even alleged that they suffered from severe emotional distress, much less that Defendants intended to inflict emotional distress or engaged in extreme or outrageous conduct. Accordingly, **Count 7** will be dismissed without prejudice for failure to state a claim.

## Pending Motions

Plaintiffs Wallace and Santos have also submitted separate, yet identical motions for Certification of the Class (Docs. 6, 9), despite the Court's warning in its August 22 order that a pro-se litigant cannot represent a class. (Doc. 3, pp. 4-5). Plaintiffs are not represented by counsel, which precludes the Court from granting class certification at this time because Plaintiffs are inadequate class representatives. *Howard v. Pollard*, 814 F.3d 476, 477-78 (7th Cir. 2015). Moreover, their motions do not request counsel or represent that Plaintiffs have made any efforts to recruit counsel on their own. Plaintiffs also have no pending motions for counsel. Because Plaintiffs proceed *pro se*, their motions for class certification must be **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Rauner, Baldwin, Butler, and Lashbrook. **Count 2** survives against Wexford. **Count 3** survives as limited by the above discussion against Butler and Lashbrook. All other named defendants are dismissed from Count 3 without prejudice. Counts 4-7 are **DISMISSED without prejudice**. Randolph County is **DISMISSED with prejudice**. As no viable claim has survived against Siddiqui, he is **DISMISSED without prejudice**. Plaintiffs' motions for class certification (Docs. 6, 9) are **DENIED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Rauner, Baldwin, Butler, Lashbrook, and Wexford: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald J. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under Section 1915, Plaintiffs will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, each Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate any party's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 26, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**