IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORRIE WALLACE and
RAFAEL E. SANTOS, JR.,

    Plaintiffs,

v.

JOHN BALDWIN,
KIMBERLY BUTLER,
JACQUELINE LASHBROOK,
SALVADOR GODINEZ, ALEX JONES,
JEFFERY HUTCHINSON,
RICHARD HARRINGTON, and
GLADYSE TAYLOR,

    Defendants.

Case No. 3:18-CV-1513-NJR-MAB

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motion to dismiss filed by Defendants John Baldwin, Kimberly Butler, Richard Harrington, Alex Jones, Jacqueline Lashbrook, and Gladyse Taylor (Doc. 71). Defendants Jeffery Hutchinson and Salvador Godinez later joined in the motion (Docs. 74, 78, 85, 86). For the reasons stated below, Defendants' motion to dismiss is granted in part and denied in part.

### BACKGROUND

For purposes of Defendants' motion to dismiss, the following facts from Plaintiffs' Second Amended Complaint (Doc. 53) are presumed true, and all reasonable inferences are drawn in Plaintiffs' favor.

Plaintiffs Corrie Wallace and Rafael Santos, Jr. are inmates in the Illinois Department of Corrections ("IDOC") who filed this action pursuant to 42 U.S.C. § 1983 for deprivations

of their constitutional rights at Menard Correctional Center (Docs. 1, 12). Shortly after the complaint was screened pursuant to 28 U.S.C. § 1915A, Plaintiffs secured their own counsel, and attorney Christian Montroy entered his appearance on their behalf (Docs. 12, 25). Counsel then filed a Second Amended Complaint, transforming this matter into a putative class action regarding the cell conditions in the North I and North II cell houses at Menard (Doc. 53).

Plaintiffs allege the cells in the North I and North II cell houses are tiny—smaller than a parking space. Two inmates are housed in each cell, although they were originally designed to house only one inmate. Plaintiffs further allege that the ventilation system in the North I and North II cell houses is seriously dysfunctional, and the cells are sweltering in the summer time and frigid in the winter. According to Plaintiffs, double-celling inmates in such cramped quarters with poor ventilation is objectively unconstitutional and leads to an increased risk of inmate violence. It further causes a host of physical and psychological injuries that present an immediate and substantial threat of harm.

At the time the Second Amended Complaint was filed, Jacqueline Lashbrook was the warden at Menard, and John Baldwin was the Director of the IDOC. They were named as Defendants, as were various former wardens (Alex Jones, Jeffery Hutchinson, Kimberly Butler, and Richard Harrington) and former Directors (Gladyse Taylor and Salvador Godinez). Plaintiffs allege that each Defendant knew about the unconstitutional conditions posed by the tiny cell size and poor ventilation because the conditions are obvious and readily apparent. Furthermore, many grievances and lawsuits have been filed regarding these conditions, and prisoner injuries caused by these conditions have been documented in the prison's "own internal system" and in publications from external agencies like the John

Howard Association and local and national news sources. Plaintiffs further allege that each of the named Defendants had the power to prevent prisoners from being double-celled and to fix the ventilation system or provide other accommodations but failed to do so.

The way the claims in the Second Amended Complaint are structured is confusing.[1] Based on the allegations, the Court understands Plaintiffs are suing all Defendants in their individual and official capacities, and, as a remedy, seek injunctive relief and monetary damages. The claims as stated in the Second Amended Complaint seem to be as follows:

Count 1: Eighth Amendment claim for unconstitutional conditions of confinement caused by double-celling inmates in the North I and North II cell houses against Defendants John Baldwin and Jacqueline Lashbrook, *in their official capacities for injunctive relief.*

Count 2: Eighth Amendment claim for unconstitutional conditions of confinement caused by the poor ventilation system in the North I and North II cell houses against Defendants John Baldwin and Jacqueline Lashbrook, *in their official capacities for injunctive relief.*

Count 3: Eighth Amendment claim for unconstitutional conditions of confinement caused by double-celling inmates and the poor ventilation system in the North I and North II cell houses against Defendants John Baldwin and Jacqueline Lashbrook, *in their individual capacities for monetary damages.*

Count 4: Eighth Amendment claim for unconstitutional conditions of confinement caused by double-celling inmates and the poor ventilation system in the North I and North II cell houses against Defendants Kimberly Butler Salvador Godinez, Richard Harrington, Jeffery Hutchinson, Alex Jones, and Gladyse Taylor, *in their individual and official capacities for monetary damages.*

---

[1] Count 1 is titled "Permanent Injunction re cell size v. John Baldwin and Jacqueline Lashbrook"; Count 2 is titled "Permanent Injunction re ventilation v. John Baldwin and Jacqueline Lashbrook"; Count 3 is titled "General and Punitive Damages for Personal Humiliation and Injury to Human Dignity Against John Baldwin and Jacqueline Lashbrook"; and Count 4 is titled "Alternative to Count III, Nominal and Punitive Damages for Constitutional Injury Against John Baldwin, Jacqueline Lashbrook, Gladyse Taylor, Salvador Godinez, Alex Jones, Jeffrey Hutchinson, Kimberly Butler, and Richard Harrington" (Doc. 53).

In their motion to dismiss, Defendants make two arguments. The first argument is that Plaintiffs failed to state a claim because they did not provide fair notice of what the claim against each Defendant is and the grounds upon which it rests (Doc. 71). In other words, Plaintiffs did not specifically allege what acts or omissions each Defendant is accused of committing. The second argument is that the official capacity claims must be dismissed because the Eleventh Amendment bars official capacity claims for monetary damages, and the only officials who can be properly sued in their official capacity for injunctive relief are the current Warden of Menard Correctional Center and Director of Illinois Department of Corrections.

Plaintiffs filed a response in opposition to the motion to dismiss (Doc. 90). Defendants did not file a reply.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *E.g.*, *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation omitted). The complaint will survive the motion to dismiss only if it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Seventh Circuit has held that "[i]n cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotations omitted).

## DISCUSSION

### A. Sufficiency of the Allegations

Defendants argue that Plaintiffs' claims must be dismissed because they did not specifically allege what acts or omissions each Defendant is accused of committing (Doc. 71). The Court disagrees. Plaintiffs are not required to include "specific facts" in their complaint. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (citation omitted). Rather, to satisfy the notice pleading standard of Rule 8(a)(2), Plaintiffs just have to "give enough details about the subject-matter of the case to present a story that holds together" and to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citation omitted); FED. R. CIV. P. 8 (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

In the Second Amended Complaint, Plaintiffs allege they were subjected to unconstitutional conditions of confinement by being double-celled in tiny cells with poor ventilation. They further claim the named Defendants knew about these illegal conditions because they were obvious and had been well-documented in grievances, lawsuits, and external publications. Plaintiffs allege that, given Defendants' positions of power, they had

the authority and the opportunity to prevent inmates from being harmed but failed to act. These allegations, while general, are sufficient for the purposes of pleading.

### B. Official Capacity Claims

Defendants next argue that Plaintiffs' claims for monetary relief against Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiffs, in their response brief, concede this point and chalk up any confusion on the matter to inartful pleading (Doc. 90). Therefore, to the extent that Plaintiffs' Second Amended Complaint may be construed as stating claims for monetary damages against Defendants in their official capacities, those claims are dismissed. *See, e.g.*, *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (holding that prisoner's claim for money damages against IDOC officials acting in their official capacity was barred by the Eleventh Amendment).

As for Plaintiffs' claims for injunctive relief against Defendants in their official capacities, Defendants argue that these claims should proceed against only the current Warden at Menard and the current Director of the IDOC, which Plaintiffs do not dispute (*see* Doc. 90). The Court agrees the current Warden of Menard and the current Director of the IDOC, in their official capacities, are the proper defendants to Plaintiffs' claims for injunctive relief because they are the officials who would be responsible for ensuring that any injunctive relief ordered by the Court is carried out. *See generally Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The official capacity claims against all other Defendants can be dismissed because they are redundant and because there is no indication these former officials could effectuate any injunctive relief.

One further note regarding the official capacity claims is necessary. After Plaintiffs' filed their Second Amended Complaint, Frank Lawrence was named the Acting Warden at

Menard and Rob Jeffreys was named as the Acting Director of the IDOC. Pursuant to Federal Rule of Civil Procedure 25, a suit does not abate when a party in an official capacity ceases to hold office while the action is pending, but the officer's successor is automatically substituted as a party. FED. R. CIV. P. 25(d). Consequently, Frank Lawrence and Rob Jeffreys, in their official capacities, will be substituted for Jacqueline Lashbrook and John Baldwin as the Defendants named in Counts 1 and 2.

## CONCLUSION

Defendants' motion to dismiss (Doc. 71) is **GRANTED in part and DENIED in part**. It is **DENIED** as to Defendants' argument that Plaintiffs failed to state a claim upon which relief can be granted. It is **GRANTED** with respect to Plaintiffs' official capacity claims. Plaintiffs' official capacity claims for monetary damages are **DISMISSED with prejudice.** Plaintiffs' official capacity claims against Defendants Kimberly Butler, Salvador Godinez, Richard Harrington, Jeffery Hutchinson, Alex Jones, and Gladyse Taylor are also **DISMISSED**.

The Clerk of Court is **DIRECTED** to substitute Frank Lawrence for Jacqueline Lashbrook and Rob Jeffreys for John Baldwin in Counts 1 and 2 of the Second Amended Complaint.

This matter shall now proceed on the following claims against the following Defendants:

**Count 1:** Eighth Amendment claim for unconstitutional conditions of confinement caused by double-celling inmates in the North I and North II cell houses against the current warden of Menard (Frank Lawrence, as of the entry of this Order) and the current Director of the IDOC (Rob Jeffreys, as of the entry of this Order), in their official capacities for injunctive relief.

**Count 2:** Eighth Amendment claim for unconstitutional conditions of confinement caused by the poor ventilation system in the North I and North II cell houses against the current warden of Menard (Frank Lawrence, as of the entry of this Order) and the current Director of the IDOC (Rob Jeffreys, as of the entry of this Order), in their official capacities for injunctive relief.

**Count 3:** Eighth Amendment claim for unconstitutional conditions of confinement caused by double-celling inmates and the poor ventilation system in the North I and North II cell houses against Defendants John Baldwin and Jacqueline Lashbrook, in their individual capacities for monetary damages.

**Count 4:** Eighth Amendment claim for unconstitutional conditions of confinement caused by double-celling inmates and the poor ventilation system in the North I and North II cell houses against Defendants Kimberly Butler Salvador Godinez, Richard Harrington, Jeffery Hutchinson, Alex Jones, and Gladyse Taylor, in their individual capacities for monetary damages.

**IT IS SO ORDERED.**

**DATED:** November 14, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**