**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CORRIE WALLACE and** | |
| **RAFAEL E. SANTOS,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 18-cv-1513-NJR** |
| **JOHN BALDWIN,** *et al.,* | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion for sanctions (Doc. 128) filed by Defendants. Defendants argue that Plaintiffs have asserted frivolous claims in their Second Amended Complaint (Class Action) (Doc. 53) in violation of Federal Rule of Civil Procedure 11. Plaintiffs have filed a response (Doc. 129) in opposition to the motion. Their response also requests that defense counsel Clayton Ankney be sanctioned because he did not sufficiently research the limitations issue and misrepresented the complexity of the argument to the Court. Defendants have filed a reply (Doc. 136). The Court held a hearing on the motions on March 10, 2020.

## BACKGROUND

On February 19, 2019, Plaintiffs filed their Second Amended Complaint alleging unconstitutional conditions of confinement at Menard Correctional Center ("Menard") due to its two-to-a-cell housing policy. Defendants take specific issue with Count IV which seeks nominal and punitive damages for the unconstitutional conditions of

confinement (Doc. 53, pp. 22-24). Specifically, Plaintiff's class allegations define the class as "All inmates who were and are double-celled in prison cells in North I and North II buildings at Menard from Aug. 17, 2013 until present" (*Id.* at p. 23). Defendants argue that Plaintiffs base this definition on a frivolous theory that Section 1983 claims are governed by a five-year statute of limitations.

Defendants point to two other filings where Plaintiffs continued to stand by this statute of limitations argument. In response to Defendants' request to stay discovery, in which Defendants argued in part that discovery needed to be stayed until there was a determination as to whether some of Plaintiffs' claims were barred by the two year statute of limitations, Plaintiffs contended that their constitutional claims "fall[] under the catch-all 5 year limitations period in 735 ILCS 5/13-205" (Doc. 108, p. 2). Plaintiffs argued that Defendants were "incorrect" in asserting that claims under Section 1983 are governed by a two-year statute of limitations (*Id.*). Plaintiffs subsequently filed a motion to compel discovery (Doc. 112) seeking responses to written discovery. In that motion, Plaintiffs addressed their five-year statute of limitations period argument. They reiterated that they believed their constitutional claims were subject to a five-year statute of limitations noting:

> Count IV arises from their Eighth Amendment Claim, not any claim for personal injury. For the purpose of establishing their right of action, Plaintiffs allege that the conditions of confinement place them at an imminent risk of harm, but they do not seek personal injury damages. Rather, in Count IV, Plaintiffs seek nominal and punitive damages. Plaintiffs' claims for constitutional injuries in this count are no different than First Amendment free exercise of religion claims, Fourth Amendment search and seizure claims, or Due Process claims brought under Section 1983 that similarly do not involve personal injuries. See e.g., *Carey v. Piphus*, 435 U.S. 247, 267 (1978) (acknowledging right for recovery of nominal damages for Due Process Constitutional injury); *Lancaster v. Rodriguez*, 701

F.2d 864, 866 (10th Cir. 1983)(nominal damages properly awarded for Eighth Amendment violation where no proof of actual injury apart from Constitutional injury). In the absence of any other applicable state law limitations period, Illinois' 5-year catchall limitations period applies to Plaintiffs' claims for Constitutional injury. See 735 ILCS 5/13-205.

(Doc. 112, pp. 2-3). Merits discovery was ultimately stayed by the Court, and Plaintiffs' motion to compel denied (Doc. 118).

Defendants argue that Plaintiffs' claims against Defendants Godinez, Harrington, and Taylor, which are based on allegations which occurred between 2011 and 2015, are frivolous because they are based on the frivolous notion that Section 1983 claims are subject to a five-year statute of limitations.[1] They point out that the statute of limitations in Section 1983 cases is not unsettled law and is clearly governed by a two-year statute of limitations. *See Reynolds v. Village of Evergreen Park*, 733 F. App'x 309, 310 (7th Cir. 2018); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).

In response to Defendants' motion (Doc. 129), Plaintiffs not only ask that the Court deny the motion but argue that defense counsel should be sanctioned for filing the motion. Plaintiffs argue that they make a reasonable argument for changing the law as to the statute of limitations the Seventh Circuit applies to claims brought under Section 1983. They point out that Count IV seeks nominal and punitive damages under the Eighth Amendment and because they are not seeking personal injury damages, that the five-year statute of limitations applies. Plaintiffs also argue that the sanctions motion is

---

[1] Plaintiffs' Second Amended Complaint alleges that Salvador Godinez was Director of IDOC from May 2, 2011 to December 31, 2014, Richard Warrington was the warden of Menard from January 2013 to April 2014, and Gladys Taylor was the Acting Director of IDOC from January 1, 2015 to August 13, 2015 (Doc. 53, pp. 3-4).

untimely because it was filed ten months after the filing of the Second Amended Complaint.

In support of their motion to sanction defense counsel, Plaintiffs argue that counsel failed to adequately research the statute of limitations claim and misrepresented the complexity of the issue to the Court. They note that counsel pointed to only one string citation and that the law on Section 1983 statute of limitations is not "settled" (Doc. 129, p. 3).

ANALYSIS

Federal Rule of Civil Procedure 11(b)(2) indicates that by "presenting to the court a pleading, written motion, or other paper…an attorney…certifies that…the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." One of the purposes of Rule 11 is to prevent baseless filings with the Court. *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 656 (7th Cir. 2003). If the Court "determines that Rule 11(b) has been violated, the [C]ourt may impose an appropriate sanction." FED. R. CIV. P. 11(c)(1). "[A] court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998).

The Court first notes that Rule 11 is the wrong vehicle for bringing Defendants' statute of limitations argument. Rule 11 is not to be used "to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." *See* FED. R. CIV. P. 11, Advisory Committee notes on 1993 amendments. The Court prefers to rule on cases on their merits and not through a motion for sanctions. Although defense

counsel argued at the hearing that a sanctions motion was their only avenue given that Defendants had already filed a motion to dismiss, they could have brought the issue before the Court through a partial motion for summary judgment. Any additional costs associated with discovery and preparing a dispositive motion could have been sought in a request for sanctions after the filing of the motion.

Although Defendants should have raised their statute of limitations argument through a properly filed dispositive motion, the Court finds that neither side has clean hands. The numerous emails and letters exchanged by the parties show a petty back and forth on both sides (*See* Docs. 136-1 to 136-8). In one such exchange, Plaintiffs' counsel threatened that the Court would not "respond kindly to [counsel's] motion." (Doc. 136-2, p. 3). Plaintiffs' counsel then, in response to the filing of the motion, took the added step of requesting sanctions from defense counsel in an apparent tit for tat. Both sides have had an equal hand in contributing to a breakdown in cordial relations, and the Court does not take kindly to having to expend resources deciding this petty squabble. Perhaps all this could have been avoided had defense counsel simply filed a dispositive motion on the statute of limitations issue rather than pursue the issue in a request for sanctions. Nevertheless, the Court finds that neither party is entitled to sanctions because both sides shared in harassing tactics which caused unnecessary delay and costs for both sides. Both requests for sanctions are, accordingly, **DENIED**.

That being said, the Court is still left with the statute of limitations issue. While the Court could require Defendants to file a dispositive motion on the issue, that would only expend further resources by both the parties and the Court. The issue has been fully briefed and the Court has heard extensive oral arguments. No further arguments or

briefing are needed. The Court finds that the statute of limitations in Section 1983 cases is two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998); *Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989); *Johnston v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2008); *Dominquez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Although Plaintiffs present a novel theory to justify a longer statute of limitations, the Court finds that it borders on the frivolous. Plaintiffs fail to cite to any recent case law to support their argument that the Supreme Court's holding in *Wilson v. Garcia*, 471 U.S. 261 (1985), that the statute of limitations for Section 1983 claims is the state period for personal injury torts, has been misconstrued by subsequent courts or overruled by Congress. Further, in *Kalimara*, the Seventh Circuit noted that the Supreme Court upheld the decision in *Wilson* in *Owens v. Okure*, 488 U.S. 235 (1989) and "stressed that all [S]ection 1983 actions are to governed by a single statute of limitations relating to personal injury in general." *Kalimara*, 879 F.2d at 277.

Further, the Seventh Circuit has already addressed Plaintiffs' argument that the five-year residuary statute applied to Section 1983, and flatly rejected that argument. *Ashafa,* 146 F.3d at 461-62. In *Ashafa*, the Seventh Circuit rejected older cases cited to by both that plaintiff and Plaintiffs here. *Id*. at 462 ("[T]o the extent that these cases conflict with *Kalimara*, the reasoning in *Kalimara* [for a two-year statute of limitations] prevails") (citing *Johnson v. Arnos,* 624 F.Supp. 1067 (N.D.Ill.1985), *Shorters v. City of Chicago,* 617 F.Supp. 661 (N.D.Ill.1985), and *Doe v. Calumet City,* 707 F.Supp. 343 (N.D.Ill.1989)); *see also* Doc. 129, p. 14. The Seventh Circuit has consistently held that Section 1983 is governed by a two-year statute of limitations. *Id*. at 461. Plaintiffs would have this Court overrule decades of precedent from the Seventh Circuit, but the Court is bound by that precedent,

which is clear on this issue. Because Section 1983 is subject to a two-year statute of limitations, the Court **DISMISSES** those portions of Count 4 which are based on a five-year statute of limitations. Plaintiffs will be allowed to amend their Second Amended Complaint to bring it into conformance with the proper statute of limitations.

## CONCLUSION

Accordingly, the dueling requests for sanctions (Docs. 128 and 129) are **DENIED**. The Court finds that because the statute of limitations in Section 1983 cases is limited to two years, Plaintiffs' Count 4 is overly broad and partially barred by the statute of limitations. Count 4 is, accordingly, **DISMISSED without prejudice**. Plaintiffs are **GRANTED** leave to amend their Second Amended Complaint in order to comply with the proper statute of limitations and have until **April 8, 2020**, to file a Third Amended Complaint. Finally, the Court strongly encourages counsel for both sides to work cooperatively in the future to address their differences.

Finally, the Court finds the pending motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 94) to be moot in light of the expected Third Amended Complaint, and **DENIES** it without prejudice to refiling in response to the Third Amended Complaint. A hearing will be set, if necessary, on the motion when it is filed. In the meantime, the hearing set on March 25, 2020, is **CANCELED**.

**IT IS SO ORDERED.**

**DATED:   March 18, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**