IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORRIE WALLACE and<br>RAFAEL SANTOS, JR.,<br><br>          **Plaintiffs,**<br><br>v.<br><br>JOHN BALDWIN, *et al.,*<br><br>          **Defendants.** | Case No. 18-cv-1513-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendants' motion to vacate entry of default (Doc. 147). Defendants' seek to vacate the default entered against them on May 15, 2020 (Doc. 146) for their failure to file an Answer to Plaintiffs' Third Amended Complaint (Doc. 143). Plaintiffs have filed a response (Doc. 148), requesting that Defendants' file their Answer within fourteen days and barring them from filing a motion to dismiss. Plaintiffs also filed a motion to lift the stay of discovery (Doc. 145). Defendants have filed a response (Doc. 150) in opposition to that motion, and Plaintiffs have filed a reply (Doc. 151).

    A. **Motion to Vacate Default**

On April 8, 2020, Plaintiffs filed their Third Amended Complaint (Doc. 143). Defendants' Answer was due April 22, 2020. *See* FED. R. CIV. P. 15(a)(3). Defendants failed to file an Answer and, on May 14, 2020, Plaintiffs sought an entry of default (Doc. 144). On May 15, 2020, a Clerk's Entry of Default (Doc. 146) was entered against Defendants.

Subsequently, on May 20, 2020, Defendants filed the pending motion to vacate (Doc. 147). Defendants argue that they believed their response deadline was extended thirty days by the Court's Second Amended Administrative Order 261. Thus, they believed their Answer was automatically extended to May 22, 2020. Plaintiffs do not object to vacating the default but request a sanction ordering Defendants to file an Answer within fourteen days.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Defendants have met the standard for vacating the entry of default. Specifically, they have shown good cause because they believed that their deadline for filing an Answer was extended by the Court's Second Amended Administrative Order 261. The Court notes that Defendants' belief was based on an incorrect reading of the Order. The Order only extended deadlines that were pending at the time the Order was entered and, thus, did not apply to the Answer deadline which was not set until Plaintiffs filed their Third Amended Complaint on April 8, 2020 (Doc. 143). Their belief that deadlines from April 1, 2020 to May 3, 2020 were extended is misplaced. The May 3, 2020 deadline pertained to courthouse closures and restrictions, not civil case deadlines. Although

Defendants are incorrect in their belief that their deadline was extended, the Court finds that belief was not made in bad faith. Rather, it was a misunderstanding of the Court's Order. Further, Defendants also acted quickly to resolve the issue, and they have a meritorious defense. They have also now filed their Answer (Doc. 149).

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendants have met the requirements of Rule 55(c) and **GRANTS** the motion to vacate (Doc. 147). The Entry of Default (Doc. 146) is **VACATED**. Because Defendants have already filed their Answer, the Court **FINDS as moot** Plaintiffs' request for sanctions.

### B. Motion to Lift Discovery Stay

Plaintiffs also filed a motion to lift the stay of discovery (Doc. 145). Plaintiffs request that the stay on merits discovery be lifted. But Defendants have raised failure to exhaust administrative remedies as an affirmative defense in their Answer (Doc. 149, p. 37). The Seventh Circuit has noted that "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Although Plaintiffs argue that this is not an ordinary case because the case has been pending for some time and Plaintiffs still suffer from the conditions raised in their Third Amended Complaint, the Court does not find that they present an "exceptional case[] in which expeditious resolution of litigation" would require merits discovery to commence at this time. *Pavey*, 544 F.3d at 742. Accordingly, Plaintiffs' motion to lift the stay on discovery is **DENIED**. Merits discovery remains stayed until resolution of any dispositive motion on the issue of administrative

exhaustion. The deadline to file the dispositive motion is **August 7, 2020**.

**IT IS SO ORDERED.**

**DATED:   June 8, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**