IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORRIE WALLACE, and RAVAEL E. SANTOS, JR., <br><br> **Plaintiffs,** <br><br> v. <br><br> JOHN BALDWIN, *et al.*, <br><br> **Defendants.** | Case No. 18-cv-1513-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiffs Rafael Santos, Jr. ("Santos") and Corrie Wallace ("Wallace") have filed a motion for entry of judgment pursuant to Rule 54(b) (Doc. 178), seeking an order allowing them to immediately appeal this Court's ruling (Doc. 175) granting Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 155). Defendants do not oppose the motion (Doc. 182).

## BACKGROUND

In their Third Amended Complaint, Plaintiffs, inmates of the Illinois Department of Corrections ("IDOC") who are currently housed at Menard Correctional Center ("Menard"), brought identical claims pursuant to 42 U.S.C. § 1983 alleging that they have been housed in constitutionally deficient cells located within the North I and North II cell houses at Menard.

On March 10, 2021, following an evidentiary hearing, the Court entered an order granting Defendants' Motion for summary Judgment on Exhaustion of Administrative

Remedies. At the outset, the Court rejected the Plaintiffs' contention that they could establish exhaustion by relying on the grievances of different prisoners who previously pursued similar claims, explaining that Plaintiffs must personally exhaust administrative remedies. Next, the Court found that the record did not support the claim that Santos submitted a grievance and subsequent follow-up letters pertaining to the matters at issue in this case. The Court also found that, even if the subject grievance and follow-up letters had been submitted, they could not serve to exhaust Santos's individual capacity claims directed against Butler, Hutchinson, Jones, and Jeffreys, because they were not employed at Menard during the relevant time period. *See* 20 Ill. Admin. Code § 504.810(a). Finally, the Court addressed Wallace's individual capacity claims directed against Butler, Hutchinson, Jones, and Jeffreys. As with Santos, the Court concluded that it was impossible for Wallace to have exhausted administrative remedies as to the claims directed against these officials in their individual capacities because they were not employed at Menard during the relevant time period.

Accordingly, the Court dismissed Santos's claims, in their entirety, for failure to exhaust administrative remedies. The Court also dismissed Wallace's individual capacity claims against Butler, Hutchinson, Jones, and Jeffreys for failure to exhaust administrative remedies. The dismissals were without prejudice, as is proper where dismissal is due to a failure to exhaust. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Following the Court's March 10 Order, the only claims remaining in the case are Wallace's claims for permanent injunctive relief directed against Jeffreys and Wills in their official capacities, and Wallace's Eighth Amendment claims directed against

Lashbrook and Baldwin in their individual capacities.

## ANALYSIS

Federal Rule of Civil Procedure 54(b) authorizes the Court to "'direct entry of a final judgment as to one or more, but fewer than all, claims or parties,' but only if 'there is no just reason for delay.'" *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Before entering final judgment under Rule 54(b), the Court must determine (1) "whether the order in question is truly final as to one or more claims or parties" and (2) if it is, "whether there is any good reason to delay entry of final judgment until the entire case is finished." *Id.* (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)).

Here, the "without prejudice" dismissal of Plaintiffs' claims for failure to exhaust is effectively a final order because no amendment could resolve the problem. *See Trujillo v. Rockledge Furniture LLC,* 926 F.3d 395, 399 (7th Cir. 2019). Accordingly, the order is appealable as a separate final judgment under Rule 54(b).

The Court also finds no just reason to delay entry of final judgment on the dismissed claims. Rule 54(b) "allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 939 (7th Cir. 2005). Delay is appropriate, however, where the claims are not truly separate such that the appellate court would "have to go over the same ground when the judgment terminating the entire case was appealed." *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002). The issue of whether

Santos and Wallace exhausted administrative remedies is not implicated in Wallace's remaining claims, and the facts that will be developed on summary judgment or at trial on Wallace's remaining claims are independent of the facts bearing on the question of exhaustion of administrative remedies.

Accordingly, the Court **GRANTS** Plaintiffs' motion for entry of judgment pursuant to Rule 54(b) (Doc. 178). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   May 14, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**